approximate from $15,000 to $20,000. **Up** to the present time it has not been necessary to issue receiver's certificates.

Considering the testimony from all angles I find nothing in it except an effort on the part of objecting creditors to grab off more security, tie the company up more closely and obtain something that was not contemplated in the creditors' committee report and not incorporated in the plan which more than 75 per cent of the unsecured creditors and a majority of the stockholders accepted.

None of the objecting creditors, not even those who desired to withdraw their acceptances, wish to have the company liquidated and so stated in open court.

Any confirmation of the plan must contain an injunctive order prohibiting the debtor from issuing any additional notes under the second mortgage.

With this limitation I hold that the plan and accompanying mortgage should be confirmed and a decree may be presented to that effect.

## In re HALL.

### No. 1165.

District Court, N. D. Alabama, S. D.

March 15, 1939.

W. S. Pritchard, of Birmingham, Ala., for reviewant.

Thompson & Knight and R. Dupont Thompson, all of Birmingham, Ala., for the estate.

MURPHREE, District Judge.

This cause coming on to be heard on the petition for review by W. L. Freeland of the order of the Referee of November 9, 1938, on the "Petition of W. L. Freeland for allowance of compensation for personal services rendered in the debtor estate", and the parties being present in person or by counsel, and it having been admitted in open Court that the petitioner, W. L. Freeland, during the course of his alleged employment by this Court in the above styled case, wrongfully withdrew from the funds entrusted to his care an amount of money in excess of that which the petitioner contends was due him as a proper payment for his services, and the same having been considered and understood by the Court; the Court is of the opinion that the petitioner's original petition for allowance of compensation for personal services rendered to the above debtor estate should have been denied and his claim ordered to be stricken and disallowed, on the ground that an agent is entitled to no compensation because of conduct which is a willful and deliberate breach of his contract of service and of his duty of loyalty, and that such misconduct by the petitioner disentitled him to compensation even if he would otherwise be entitled to payment; pretermitting any other grounds upon which the allowance for services might be disallowed. Quirk v. Quirk, C.C.Pa., 1907, 155 F. 199; Williston on Contracts, (Revised Edition by Williston and Thompson) Section 1477, Vol. 5, page 4131; Restatement of Agency, Section 469.

It is therefore, ordered, adjudged and decreed by the Court that the order of the Referee entered in this cause on the "Petition of W. L. Freeland for allowance of compensation for personal services rendered in the debtor estate", on November 9, 1938, be and the same is hereby modified so that the said petition of W. L. Freeland be and the same is hereby denied and the claim of W. L. Freeland for any al-

924

lowance of compensation for personal services to the debtor estate be permanently disallowed and stricken.

## PENGLASE v. COE, Com'r of Patents.
## No. 61930.

### District Court of United States for the District of Columbia.
### Jan. 17, 1939.

Edward W. Shepard, of Washington, D. C., Usina & Rauber, of New York City, Henry M. Huxley and Russell H. Clark, both of Chicago Ill., for plaintiff.

R. F. Whitehead, Sol., of the U. S. Patent Office, of Washington, D. C., for defendant.

GORDON, Justice.

This is a suit in equity under Sec. 4915, R.S., 35 U.S.C. Sec. 63, 35 U.S.C.A. § 63, to authorize the Commissioner of Patents to issue a patent to plaintiff on certain improvements in movable counterweights for power excavators.

The tribunals of the Patent Office rejected the claims here involved on the ground that the combination on which patent is sought is obvious from the prior art. Some six foreign patents and one United States patent are cited by the Commissioner as indicating the state of the prior art. Claim 4 of plaintiff's application, which, is illustrative of the other claims, reads as follows: "4. In a power shovel, the combination of a power base, an inclined boom, a dipper handle mounted thereon for swinging in a vertical plane about a point, an excavating dipper carried by said handle, a sheave on the outer end of said boom, a winch on said base, a hoisting rope leading from said winch over said sheave to said dipper to cause said handle to swing in a vertical plane, a reversible motor for selectively driving said winch to wind or unwind said rope, a weight on said base mounted for raising and lower movements, and means connecting said weight to said winch whereby the descent of said weight aids said winch in the winding of the rope to raise the dipper."

The novelty, utility and commercial success of plaintiff's combination are not disputed. The sole point is whether, in view of the prior art, plaintiff's combination constitutes invention, for which he is entitled to a patent, or whether it constitutes a mere exercise of mechanical skill, which would be obvious to anyone skilled in the art.

After a careful consideration of the patents cited, I am convinced that Penglase has invented a new combination which produces a new, useful and unobvious result which could not be produced by any of the prior devices. I do not think that the patents cited disclose or suggest, either singly or in combination the improvement in digging obtained by plaintiff's combination. In only one of these patents —that issued to Grossmith in 1910—was an attempt made in a power excavator to utilize a counterweight in lifting the dipper, but no practical success resulted. It remained for Penglase to produce a practical combination employing a counterweight and resulting in practical improvements in hoisting and digging.

In my opinion the plaintiff's improvements constitute invention and he is entitled to a patent on the claims involved. Moreover, the record in this case shows both utility and commercial success. Thornton v. Coe, App.D.C., 102 F.2d 247, decided December 29, 1938.

Counsel will prepare appropriate findings of fact and conclusions of law, as well as judgment authorizing the Commissioner to issue a patent.